**Jerson MARPAUNG; Junata Marpaung, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–71820.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 16, 2008.

Filed Aug. 6, 2008.

Armin A. Skalmowski, Alhambra, CA, for Petitioners.

CAC–District Counsel, Office of the District Counsel Department of Homeland Security Los Angeles, CA, Thomas H. Dupree, Jr., OIL, Dimitri N. Rocha, Thankful T. Vanderstar, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, RAWLINSON, and M. SMITH, Circuit Judges.

MEMORANDUM *

Jerson and Junata Marpaung petition for review of the denial of their applications for withholding of removal and relief under the Convention Against Torture (CAT). Junata also petitions for review of the denial of his application for asylum. They also maintain that the BIA failed to rule on their motion to remand, thereby abusing its discretion.

The evidence does not compel a finding that Jerson Marpaung is entitled to withholding of removal. *See Lolong v. Gonzales,* 484 F.3d 1173, 1178 (9th Cir.2007) (en banc) (articulating standard of review). The indignities suffered by Jerson do not rise to the level of past persecution. *See Mansour v. Ashcroft,* 390 F.3d 667, 672 (9th Cir.2004) (noting that "persecution is an extreme concept") (citation and alteration omitted).

Similarly, Junata Marpaung has presented insufficient evidence to compel a finding of past persecution to support his asylum claim. *See Gu v. Gonzales,* 454 F.3d 1014, 1019–21 (9th Cir.2006) (denying asylum for lack of past persecution). The evidence also fails to compel a finding that Junata has a well-founded fear of future prosecution because the record lacks any evidence that the Indonesian government is unwilling or unable to control any groups that may wish to harm Junata. *Lolong,* 484 F.3d at 1180. As Junata can-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

not demonstrate eligibility for asylum, his withholding of removal claim necessarily fails. *See Mansour*, 390 F.3d at 673.

Finally, the evidence does not compel a finding that either Jerson or Junata will suffer torture "at that instigation of, or with the consent or acquiescence of, the government." *Arteaga v. Mukasey*, 511 F.3d 940, 948 (9th Cir.2007) (citations omitted). As such, their claims for relief under the Convention Against Torture fail.

At oral argument, counsel for Petitioners agreed that in view of the withdrawal of the panel decision in *Lolong v. Gonzales*, 452 F.3d 1027 (9th Cir.2006), remand to the BIA is not warranted.

**Petition Denied.**

---

\* Michael B. Mukasey is substituted for his predecessor Alberto R. Gonzales as Attorney General of the United States. Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.